HEARD NOVEMBER TERM, 1873.

## ZEIGLER *vs.* RAILROAD.

A railroad company is not responsible to a traveler, on a public highway, for striking with their train the wagon and horse of the latter at a place where the highway crosses the track of the former, where the injury was the result of accident alone without negligence or fault on the part of the company or its servants.

A railroad company is not responsible for not slackening the speed of their train at a place where a public highway crosses their track unless special circumstances existed which rendered such slackening necessary, and whether such necessity existed is for the jury,

As well a traveler upon a public highway as a rail company is bound to use ordinary care at a place where the highway crosses the track of the company, and there is no rule of law which absolves the traveler from looking out for the train.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1872.

Action by G. H. Zeigler against the Northeastern Railroad Company to recover damages for injuries sustained by the plaintiff through the negligence of defendant.

The complaint alleged that as the plaintiff was traveling in his wagon along a certain highway, at a place where the highway crossed the road of defendant, the defendant carelessly and negligently caused one of their locomotives, with a train of cars attached thereto, to approach said crossing, and then and there to pass rapidly over the track of said railroad, and, that by reason of said negligence, the locomotive struck plaintiff's horse and wagon, and injured the same, and the plaintiff himself, &c.   The answer denied the allegations.

At the trial the plaintiff gave evidence tending to show that the injuries arose from the negligence of the defendant, and the defendant gave evidence tending to show that the accident was not caused by defendants, but by plaintiff's own negligence.

The defendant requested the Court to instruct the jury—

1. That the jury, in order to find a verdict for the plaintiff, must not only find that the railroad company was guilty of negligence, but must also find that the plaintiff did not neglect proper precaution on his part to avoid danger.

2. That the railroad company was bound to observe ordinary care.

The Court refused to charge in the language of the instructions asked for, and in lieu thereof, among other things, said to the jury:

"I suppose all of you know the point where this accident occurred, that has been testified to be a public road leading into the

city across the railway, on a level with the road bed. The law requires that the railroad, at such a place as that, at such a thoroughfare, should observe great care in crossing. Have they done that? That is for you to decide. And in the next place, as far as the negligence of the plaintiff is concerned, ordinarily the rule is that where an accident or misfortune occurs from negligence or fault of the plaintiff, the plaintiff cannot recover. But so far as the railroad is concerned, the rule of law is a little stronger against a railroad than when the injury is inflicted by an individual. Let us apply the law to the facts in this case as has been developed by the testimony.

"Suppose, for instance, that the plaintiff was coming along that road, and in crossing that railroad track, what was he to do? The law requires ordinary diligence on his part. Judging from the location, what would be ordinary diligence? The law requires great care on the part of the railroad, and only ordinary care on the part of the individual. * * He was to look out for the signals and warnings. Did the railroad give these signals? If you find that the railroad company did not give those signals, then you will find for the plaintiff, because the railroad is guilty of gross negligence. But suppose they did give those signals and those warnings, the Court would instruct you that if Mr. Zeigler heard those signals and warnings, and rushed heedlessly across that track, then his own negligence was the cause of the accident. But if the railroad company had given those signals and warnings, and Mr. Zeigler did not hear them or see them, the railroad company is responsible nevertheless.

"The rule is this, that those signals and warnings should be given. The reason of it is this, that the company so slacken their speed as to prevent an accident occurring. Just as I have supposed in this case. That is, they may have given the warnings, and the person not hearing them or seeing them in crossing the track, and the injury occurs. The reason is, that they must so regulate their speed as to prevent an injury; but, as I tell you, if Mr. Zeigler saw the cars coming, or heard those signals, and took the responsibility upon himself and went across that track, then the accident was the result of his own negligence."

The counsel for defendant asked for the further instruction, that plaintiff was bound to listen, on his approach to the railroad crossing, and also to look out for the train, which instruction the Court

also refused to give to the jury, as asked for, but charged as follows :

" I do not think it necessary for him to look out for the train. I think all that is necessary is to listen for signals that the road gives."

To the granting of which instructions, and the refusal of those prayed for, the defendant excepted.

The verdict was for the plaintiff, and the defendant appealed.

The opinion of the Court was delivered by

WILLARD, A. J.   The proposition submitted by the charge of the Circuit Judge was, that a railroad company is responsible for injuries done to persons and vehicles while passing along a highway, at a point where the track of the railroad crosses such highway, in consequence of being struck by a locomotive belonging to such railroad company, running in the course of its ordinary and lawful business, and under the management and control of its servants, even though such injury was the result of accident alone without negligence or fault on the part of such company or its servants.

The case of *Danner* vs. *Railroad*, (4 Rich., 329,) while carrying the liability of railroad companies, in cases of injury to third persons other than passengers, to the farthest point reached in this country, yet concedes that no such liability results as a consequence of mere accident alone.

It appears from the record before us that the evidence submitted to the jury bore on the question of negligence alone.   That of the plaintiff tended to establish negligence on the part of the defendants, and that of the defendants to refute the charge of negligence as against themselves and to establish it on the part of the plaintiff.

It was for the jury to say what force this evidence was entitled to receive in its bearing on the issue of negligence presented by the pleadings.   The Circuit Judge was called upon by the nature of the pleadings and evidence simply to state the law applicable to a case of alleged negligence.   To submit, under such circumstances, the proposition that liability ensued, though negligence was not proved, was not only an error in point of law, but one operating necessarily to the prejudice of the defendants.

It remains to consider whether the language of the charge supports the conclusion already stated as to its character.

The charge holds that notwithstanding signals and warnings of the approach of the locomotive may have been given, yet, if the plaintiff did not see them or hear them, in the absence of proof that such failure to see and hear them was the result of negligence on his part, the company is responsible. This proposition virtually holds that plaintiff may recover although negligence is not imputable to the defendants; in other words, it renders the defendants responsible for mere accident alone, without intermixture of fault on their part or that of their servants.

The charge assigns as the reason of this rule that the defendants were bound to slacken their speed so as to prevent an accident occurring. This assumes that there was a legal obligation to slacken the speed of the train at the time and place of the accident. There was no such legal obligation. If they were bound to slacken their speed at that time and place, it was because special circumstances existed rendering that course necessary under the rule of law imposing due and ordinary care upon the defendants. As to the existence of such a necessity it was the province of the jury to determine as matter of fact.

Again, the charge holds that it was not necessary for the plaintiff to look out for the train. There is no rule of law absolving a person from looking for the train. He is bound to use ordinary care, and that involves a reasonable use of all his senses. The question, whether reasonable care was employed by the plaintiff to prevent injury, is one for the jury alone, to be determined according to the facts of the particular case.

We must, therefore, conclude that the rule, as submitted to the jury, tended to render the defendants responsible, though the injury was the result of an accident alone.

It is contended by the appellants that the charge that the defendants were responsible for " great " care is inconsistent with the rule of ordinary care by which railroad companies are bound under such circumstances. The charge is certainly obscure in this respect. It is true that on applying the rule of ordinary care, the actual amount of care required under the facts of any particular case is varied according to whether the instrument occasioning damage is readily controlable, or in its nature dangerous, so that in one sense greater care is demanded from one who runs a locomotive engine than from one who drives a cart. The rule of ordinary care is, however, equally applicable to both, but must be

applied with reference to the nature of the instrument involved. Taking the portion of the charge just considered in connection with the other portions of the charge already referred to, and it is clear that it placed before the minds of the jury an erroneous view of the law of the case. It would have been scarcely more erroneous had it charged that the liability of the defendants was that of insurers against accident not occurring through want of care on the part of the plaintiff.

There should be a new trial.

*Moses*, C. J., and *Wright*, A. J., concurred.